UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

AMERICAN UNITED LIFE
INSURANCE COMPANY,

      Plaintiff,                      Case No. 2:19-cv-5508
                                           JUDGE EDMUND A. SARGUS, JR.
                                           Magistrate Judge Elizabeth Preston Deavers

      v.

CHAD STROHM, *et al.*,

      Defendants.

## OPINION AND ORDER

Currently pending before the Court is Interpleader Plaintiff's American United Life Insurance Company's ("AUL" or "Plaintiff") Motion to Dismiss AUL. (ECF No. 31). Defendants failed to respond, and the time for doing so has passed. For the reasons stated herein, AUL's Motion to Dismiss is **GRANTED**.

AUL filed a Complaint in Interpleader, commencing this action on December 18, 2019. (*See* Compl. [ECF No. 1]). AUL is an Indiana corporation that sells and holds life insurance policies. Through his former employer The Smoot Corporation ("Smoot" or the "Employer"), Jeremy Caylor ("Mr. Caylor" or the "Decedent") had Basic Life coverage under an ERISA-regulated employee welfare benefit plan sponsored by Smoot and funded by a group insurance policy issued by AUL to Smoot. (Compl. ¶ 8). Mr. Caylor passed away on April 21, 2019. (*Id.* ¶ 13; *see also* ECF No. 1-4). At the time of his death, Mr. Caylor's employer-held plan had a benefit in the amount of $40,000. (Compl. ¶ 9).

Under ERISA, a beneficiary is "[a] person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder."

29 U.S.C. § 1002(8). Smoot informed AUL that Caylor named Chad Strohm ("Strohm") as the primary beneficiary to receive 100% of the Plan Benefits. (*Id.* ¶ 12; *see also* ECF No. 1-3).

Mr. Caylor had been twice-married and twice-divorced, first to Nancy Caylor and then to Tina Caylor. (*See* Compl. ¶¶ 14–15). Nancy Caylor is the mother of Decedent's minor child H.C.; and Tina Caylor is the mother of his minor child G.C. (*Id.*). After Mr. Caylor's passing, Nancy Caylor claimed that, pursuant to the divorce proceedings, Mr. Caylor was required to maintain H.C. as the designated beneficiary for the Plan Benefit. (*Id.* ¶ 14; *see also* ECF No. 1-5). Similarly, Tina Caylor asserted that, pursuant to the divorce proceedings, Mr. Caylor was required to maintain G.C. as the designated beneficiary. (Compl. ¶ 15; *see also* ECF No. 1-6).

Based on their respective divorce proceedings, both Nancy Caylor and Tina Caylor argue that Strohm is not the proper beneficiary for the Plan Benefits. (Compl. ¶ 14–15). Strohm, however, maintains that he is the beneficiary for the Plan Benefits and assigned $9,405.22 of the Plan Benefits to the funeral home to cover Mr. Caylor's funeral expenses. (*See id.* ¶ 16; *see also* ECF No. 1-7).

Based on the foregoing, AUL submits that "it cannot determine whether a court would find that the Enrollment/Change Form in which Chad [Strohm] is named the primary beneficiary of the Plan Benefits controls distribution of the Plan Benefits or whether instead a court would determine that Nancy and/or Tina, on behalf of Decedent's minor children, should receive distribution of the Plan Benefits." (Compl. ¶ 17). Further, AUL is unable to determine the correct beneficiary or beneficiaries of the Plan Benefits "without risking exposure of itself, the Plan, and the Employer to multiple liabilities." (*Id.* ¶ 18).

On March 23, 2020, AUL filed a Consent Motion to Deposit the Plan Benefits with the Clerk's Office of this Court. (*See* Consent Motion [ECF No. 23]). The Court granted AUL's

motion on March 24, 2020 and ordered that:

> 1) AUL is entitled to receive and is therefore awarded its reduced attorney fee claim in the amount of $2,000 to be paid from the Plan Benefits; 2) AUL is permitted to tender to the Clerk of the Court the Plan Benefits payable under the Plan, which will be $38,000.00 (the Plan Benefits of $40,000 minus the $2,000 attorney fee award that AUL will deduct prior to tendering the benefits to the Court), plus any applicable interest, and AUL shall tender such amount within 30 days of the entry of this order; 3) the Clerk shall deposit the Plan Benefits of $38,000.00, plus any applicable interest, into a segregated, interest-bearing account referencing this case and designated as "life insurance benefits;" 4) upon confirmation of the Clerk of payment of the Plan Benefits, plus any applicable interest, Plaintiff shall file with the Court a Motion to Dismiss, which will dismiss AUL with prejudice from this action, and discharge AUL, the Plan, the Policy, and the [Employer] from any further liability relating to any claim for the life insurance benefits, plus any applicable interest, payable under the Plan as a result of the death of the Decedent; and 5) this case shall continue on the Court's docket so that the parties, other than AUL, can litigate their claims to the Plan Benefits in this action among themselves.

(Ord. on Consent Motion at 3–4 [ECF No. 24]). On April 17, 2020, the Clerk's Office received a check from AUL in the amount of $39,124.38. The amount tendered included the Plan Benefits of $40,000 plus applicable interest with $2,000 deducted for attorneys' fees as previously awarded by this Court's March 24, 2020 Opinion and Order. On April 21, 2020, the Clerk's Office issued a receipt for the Plan Benefits.

On April 27, 2020, AUL moved for: "a) dismissal of AUL from this action, with prejudice, and discharge of AUL, the Plan, the Policy, and the Plan Sponsor from any further liability relating to any claim from the Plan Benefits; and b) allow this case to continue on the Court's docket so that the parties other than AUL can litigate their claims to the Plan Benefits in this action among themselves." (Mot. to Dismiss at 2 [ECF No. 31]). None of the defendants have filed a response in opposition, and the time to do has expired.

The Court finds that AUL has complied with the March 24, 2020 Opinion and Order issued by this Court. Accordingly, AUL's Motion to Dismiss (ECF No. 31) is **GRANTED** and AUL is **DISMISSED** from this action with prejudice. Further, AUL, the Plan, the Policy, and the

3

Employer are discharged from any further liability relating to any claim for the Plan Benefits.  This case shall continue on the Court's docket so that the remaining parties can litigate their claims to Plan Benefits.

**IT IS SO ORDERED.**

| | |
|---|---|
| **8/21/2020** | **s/Edmund A. Sargus, Jr.** |
| **DATE** | **EDMUND A. SARGUS, JR.** |
| | **UNITED STATES DISTRICT JUDGE** |